# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1066 | **DATE** | 6/14/2001 |
| **CASE TITLE** | US vs. Thomas Demetrius Lambert (95 CR 730-10) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion to vacate, set aside or correct the sentence of movant Thomas Demetrius Lambert.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | JUN 15 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| SCT | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
01 JUN 14 PM 1:38

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS DEMETRIUS LAMBERT, )
)
Plaintiff, )
)
vs. ) No. 01 C 1066
) (95 CR 730-10)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Thomas Demetrius Lambert's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the motion.

### BACKGROUND

Along with twenty other defendants, movant Thomas Demetrius Lambert ("Lambert") was charged in an eighteen count indictment with criminal drug violations. Count One alleged conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Count Six asserted conspiracy to defraud the United States in violation of 21 U.S.C. § 371. Count Seven charged conspiracy to commit money laundering offenses in violation of 18 U.S.C. § 1956(h). A jury trial of the case



against Lambert commenced on November 4, 1996. On December 12, 1996, the jury found Lambert guilty of Counts One, Six and Seven. On July 8, 1997, this Court sentenced Lambert to 360 months' imprisonment on Counts One and Six and 240 months on Count Seven, with the sentences running concurrently to each other for a total term of imprisonment of 360 months. Five years of supervised release were to follow. Moreover, the Court imposed a fine in the amount of $10,000 and a special assessment totaling $150.

Lambert appealed his conviction and sentence. See United States v. Neeley, 189 F.3d 670 (7th Cir. 1999). He argued that (1) this Court erred in refusing to grant the motion for a mistrial after excusing a juror after deliberations had begun and proceeding with 11 jurors rather than the 12 originally empaneled; (2) this Court violated Lambert's right to a fair trial under the Fifth Amendment of the United States Constitution by admitting evidence that other conspiracy members had been shot as relevant to show the nature of the drug conspiracy; (3) this Court erred by admitting evidence that Lambert possessed firearms during the course of the drug conspiracy; and (4) Lambert received ineffective assistance of trial counsel. See United States v. Neeley, 189 F.3d 670, 673 (7th Cir. 1999). The Seventh Circuit affirmed the conviction and sentence. See id. at 686.

Now Lambert brings the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Lambert asserts six grounds. He contends that (1) the levying of consecutive special assessments but concurrent custodial sentences violated his due process rights; (2) the indictment did not allege and the jury was not required to find the specific type and quantities of drugs involved in the offense, which violated his rights; (3) the general jury verdict form makes it impossible to determine whether the conviction rests on constitutionally permissible grounds; (4) the indictment failed to allege that the transaction satisfied the statutory definition of "financial transaction" and affected interstate commerce; (5) he received ineffective assistance of counsel at trial; and (6) he received ineffective assistance of counsel on direct appeal. We examine each of these grounds in turn.

## DISCUSSION

### 1. Multiple Special Assessments

Lambert moves first to vacate his conviction and sentence because the Court improperly ordered multiple or consecutive special assessments for a concurrent custodial sentence. Although the Court imposed Lambert's multiple custodial sentences concurrently, it levied three special assessments against Lambert totaling $150. Lambert believes he was entitled to a single special assessment of $50 and characterizes the alleged error as a violation of his due process rights.

Because Lambert did not raise this argument on direct appeal, the argument is procedurally defaulted. See Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). Procedurally defaulted arguments may only be heard on collateral review if the movant shows "cause" for the failure to raise the claim and "actual prejudice" flowing from the error. United States v. Frady, 456 U.S. 152, 170 (1982). The presumable "cause" of Lambert's procedural default of this argument is the alleged ineffectiveness of his appellate counsel, which we discuss and reject *infra* in section six of this Opinion. Nor can Lambert establish "prejudice" because the underlying argument is meritless. At the time Lambert was convicted a federal criminal defendant had to pay a $50 special assessment on each felony count for which he was convicted. See 18 U.S.C. § 3013(a) (pre-1996 amendments); Rutledge v. United States, 517 U.S. 292, 301 (noting that 18 U.S.C. § 3013 "requires a federal district court to impose a $50 special assessment for every conviction").

Lambert purports to circumvent this rule by arguing that if a court imposes custodial sentences concurrently, it must likewise make special assessments concurrent. In support of this argument, he relies on Ray v. United States, 481 U.S. 736 (1987), and Rutledge v. United States, 517 U.S. 292 (1996). This reliance is misplaced, however. In Ray, the Supreme Court "review[ed] the role of the concurrent sentence doctrine in the federal courts." 481 U.S. at 737. In Ray, the Court of Appeals invoked

-4-

the concurrent sentence doctrine and declined to review the petitioner's second possession conviction because the sentences on the two possession counts were concurrent. See id. The Supreme Court vacated the decision, finding that the petitioner was not serving concurrent sentences because the district court had imposed a $50 assessment on each of the three counts on which the defendant had been convicted. See id. The Court concluded that "[s]ince petitioner's liability to pay this total depends on the validity of each of his three convictions, the sentences are not concurrent." Id. Thus, Ray establishes that when a court orders a defendant to pay a special assessment for each of several counts of conviction, the sentences are not concurrent and the "concurrent sentence" doctrine cannot be used to avoid appellate review of each count of conviction. Contrary to Lambert's contentions, Ray does not establish that a court cannot impose special assessments consecutively if it has imposed custodial sentences concurrently.

Nor does Rutledge support Lambert's position, since that case merely relied on the reasoning in Ray to conclude that the imposition of a special assessment of $50 on a second conviction indicated that the conviction amounted to a second punishment. See 517 U.S. at 1248. Like Ray, Rutledge does not advance Lambert's claim. Consequently, even if the claim were not procedurally defaulted, we find no error in the levying of consecutive special assessments but concurrent custodial sentences.

## 2. Type and Quantity of Drugs Involved

Lambert next argues that the jury should have made a factual finding as to the quantity and type of drug. Lambert bases this protest on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000). However, every indication from higher courts establishes that <u>Apprendi</u> does not apply retroactively to cases on collateral review. Until the United States Supreme Court rules on the question, the Seventh Circuit has declined to deem <u>Apprendi</u> to apply retroactively. See <u>Hernandez v. United States</u>, 226 F.3d 839, 841 (7th Cir. 2000) (stating that "potentially meritorious claims that rely on new rules of constitutional law [such as <u>Apprendi</u>] are not ripe for presentation until the Supreme Court has ruled on the retroactivity question"); <u>Talbott v. Indiana</u>, 226 F.3d 866, 869 (7th Cir. 2000) (urging prisoners not to bring collateral attacks under <u>Apprendi</u> until the Supreme Court announces the decision's retroactivity).

Furthermore, even if <u>Apprendi</u> did apply retroactively, Lambert cannot show that he was injured by the lack of factual findings as to drug type and quantity. Even though subsequent case law has established that it was error not to have instructed the jury to determine whether Lambert was accountable for more than five kilograms of cocaine (which authorizes a maximum term of life imprisonment under section 841(b)(1)(A)) or some lesser amount, the question remains whether Lambert suffered

prejudice from the error. The record establishes that he did not. Count One of the indictment alleged specific acts of Lambert's co-conspirators conducting various transactions involving not less than 600 kilograms of cocaine – well in excess of the five kilograms required to bump Lambert into a higher sentencing category. After deliberating, the jury found Lambert "guilty as charged in Count One." Thus the jury incorporated the allegation as to quantity and type of drug into its verdict. This quantity and type of drug was well in excess of the 500 grams required to subject Lambert to a 40 year maximum sentence as well as the 5 kilograms needed to subject him to a life sentence. Accordingly, Lambert's <u>Apprendi</u> claim fails.

### 3. General Jury Verdict Form

Lambert next appears to challenge the predicate grounds of the conspiracy alleged in Count One of the indictment. Specifically, Lambert contends that "at least two or more of the predicate grounds mentioned in count [one] is infirm. Because, the jury was given a copy of the indictment which referred to counts 1, 3 through 18 as being predicate acts and the indictment go so far as to suggest acts which absolutely cannot be used as predicate[s]." (Lambert Brf. at 18.) Use of a general jury verdict form compounds the problem, according to Lambert, by making it impossible to determine whether his conviction rests upon constitutionally permissible grounds.

Lambert appears to be challenging his conviction based on defects in the indictment. However, pre-trial failure to challenge defects in an indictment results in the waiver of those challenges. See Fed. R. Crim. P. 12(b)(2), 12(f); United States v. Nickerson, 211 F.2d 209, 211 (7th Cir. 1954). Because Lambert waived this challenge, he may resurrect it only by showing cause and prejudice. Presumably Lambert's asserted cause would be alleged ineffective assistance of trial counsel, an argument which we reject *infra* in section 5 of this Opinion. Moreover, Lambert has not established prejudice. Count One charged one object (conspiracy) achieved by several acts (possession with intent to distribute, distribution, attempting to possess with intent to distribute, and attempting to distribute multiple kilograms of cocaine). None of these possible bases for conviction is unconstitutional or otherwise impermissible. Accordingly, the rule of Stromberg v. California -- that if any of the predicates for a conspiracy charge is invalid under the Constitution, then a general jury verdict on that count cannot stand -- does not apply here. 283 U.S. 359, 367 (1931).

Whereas conspiracies charged under 21 U.S.C. § 846 do not require that any "steps be taken in furtherance of an unlawful agreement in order for the crime of conspiracy to be complete," see United States v. Pulido, 69 F.3d 192, 208 (7th Cir. 1995), the same is not true for the other conspiracies charged against Lambert. Counts Six and Seven charged Lambert with violations of 18 U.S.C. § 371 and 18 U.S.C.

§ 1956(h), respectively, and both provisions require that an overt act be charged and proved beyond a reasonable doubt. See United States v. Gee, 226 F.3d 885, 893 (7th Cir. 2000) (identifying "overt act" requirement for conspiracy to defraud the United States); United States v. Emerson, 128 F.3d 557, 561-62 (citing United States v. Rodriguez, 53 F.3d 1439, 1444 (7th Cir. 1995)) (identifying "overt act" requirement for proving conspiracy to launder money). Notwithstanding this requirement, "[i]t is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act." (Seventh Cir. Jury Instr. 5.11.) The counts against Lambert satisfy this requirement. Both Counts Six and Seven charged several objects and overt acts of the respective conspiracies. We find no infirmity in the charges. Accordingly, even if Lambert's challenge to the indictment were not waived, he cannot demonstrate that he suffered prejudice flowing from any defect in the charges of the indictment.

**4. Nature of the Alleged Transaction**

Lambert next challenges his conviction and sentence based on the allegations contained in Count Seven of the indictment. In particular, Lambert claims that: (1) Count Seven failed to assert that the alleged financial transaction affected interstate commerce; (2) the evidence at trial failed to prove that he "acted with intent to conceal or disguise the nature or source of the proceeds" of drug sales or that he violated 18

U.S.C. § 1957, and (3) the evidence at trial failed to establish any connection to interstate commerce. (Lambert Brf. at 32-34.)

When Lambert failed to raise these arguments prior to trial or on direct appeal, he waived them. Even assuming that these arguments were not waived, they are nonetheless unavailing. An indictment is sufficient if it "(1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." United States v. Allender, 62 F.3d 909, 914 (7th Cir. 1995). The indictment at issue conformed to these "minimal constitutional standards." Id. Count Seven alleged a violation of section 1956(h) by identifying two objects of the conspiracy and including multiple paragraphs alleging specific acts committed by various members to further the conspiracy. That was enough to inform Lambert of the claim against him.

Nor do we ascertain any prejudice arising from the trial. The Court instructed the jury as to the required elements of the alleged crime pursuant to the Seventh Circuit model jury instructions, thus enabling the jury to arrive at a verdict of guilt on permissible grounds. Moreover, Lambert's convictions on the other two Counts supports the notion that the evidence showed beyond a reasonable doubt that Lambert was aware of the source of the proceeds of the drug sales. The jury convicted Lambert

of Count One, signaling their conclusion that Lambert was a member of the drug trafficking conspiracy. So too did the jury convict Lambert of Count Six, marking their determination that Lambert conspired to defraud the Government by concealing proceeds and assets acquired by virtue of the distribution of cocaine. These other findings bolster the jury's conviction of Lambert of conspiring to launder money in violation of section 1956(h). Accordingly, even if Lambert's challenge to his conviction on this count were not waived, it is without merit.

## 5. Ineffective Assistance of Counsel at Trial

Lambert further contends that he received ineffective assistance of counsel at trial. Ineffective assistance of counsel claims are generally cognizable under § 2255. Fountain v. United States, 211 F.3d 429, 433-34 (7th Cir. 2000). However, "because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." Id. at 434, quoting United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that it deprived him of a fair trial. See Strickland, 466 U.S. at 688-94. In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and indulge a strong presumption that counsel's

conduct falls within a wide range of reasonable professional conduct." United States v. Ashimi, 932 F.2d 643, 648 (7th Cir. 1991). If the record supports a finding of substandard performance, we then determine whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." United States v. Starnes, 14 F.3d 1207, 1209-10 (7th Cir. 1994).

Lambert identifies the following four instances as examples of ineffective assistance of counsel: (1) trial counsel failed to challenge the defects of the indictment; (2) counsel failed to press the "grouping issue" of Counts One, Six and Seven; (3) counsel failed to object when the trial court imposed multiple sentences upon a single judgment of concurrent sentences; and (4) counsel failed to object to the multiple special assessment imposed on concurrent custodial sentences. (Lambert Brf. at 20-21.) In discussing these four instances in his brief, Lambert rehashes many of the arguments raised in the previous three grounds of his papers. We have already addressed these grounds in our opinion and deemed them meritless. With respect to the first ground, we have found no defect in the indictment that caused prejudice to Lambert. As to the third and fourth grounds involving the consecutive special assessments and concurrent custodial sentences, we found no impropriety. Furthermore, we have resolved the Apprendi argument by noting that at the time Lambert was tried, the law was clear that drug type and quantity was a sentencing

factor determined only by a preponderance of the evidence. See United States v. Turner, 203 F.3d 1010, 1015 (7th Cir. 2000). While the law may have changed, counsel was under no obligation to "forecast changes or advances in the law." Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993).

The only new ground Lambert raises in his allegation of ineffective assistance of trial counsel is what he refers to as the "grouping issue." Lambert's "grouping issue" argument appears to be based on his reading the recent decision of the Supreme Court in Glover v. United States, 531 U.S. ___, 121 S. Ct. 696 (2001). A jury convicted petitioner Glover on counts of labor racketeering, money laundering and tax evasion. See id. at 699. At sentencing, the probation officer recommended that the convictions be grouped together under Sentencing Guideline § 3D1.2, which permits the grouping of "counts involving substantially the same harm." Id. The Government protested, while Glover's attorneys submitted no paperwork and offered limited oral arguments contesting the Government's position. See id. Glover's trial attorneys did not submit papers or offer extensive oral arguments contesting the Government's position. See id. The trial court's decision not to group the money laundering counts with the others increased Glover's offense level by two and his sentence by six to twenty-one months. See id. Glover then filed *pro se* a motion under section 2255 alleging that his counsel's failure to press the issue amounted to ineffective assistance.

See id. The District Court denied the claim and the Seventh Circuit affirmed, concluding that a six to twenty-one month sentencing increase was not significant enough to amount to prejudice under Strickland. See id. The Supreme Court reversed and remanded the case, holding that the amount by which a defendant's sentence is increased by a particular decision cannot serve as a bar to a showing of prejudice. See id. at 701.

At bottom, Glover is a case about prejudice. It confronts the issue of how much error in sentencing must occur before prejudice arises. It does not, however, address on the merits the issue of grouping counts under Sentencing Guideline § 3D1.2. See id. (stating that "[w]e express no opinion on the ultimate merits of Glover's claim because the question of deficient performance is not before us, but it is clear that prejudice flowed from the asserted error in sentencing").

In the case at bar, Glover is of no assistance to Lambert. Unlike Glover, Lambert cannot show that he suffered any increase in sentencing due to an alleged grouping error. In Lambert's own words, he seeks to prevail under Glover because his trial counsel's refusal to argue the "grouping issue" caused him "to be sentenced to multiple Special Assessment fee [sic] upon a judgment of Concurrent sentence not authorized by Congress." (Lambert Brf. at 27.) For reasons we have discussed *supra*, however, the mere imposition of multiple assessments on a concurrent custodial

sentence does not amount to "prejudice." Consequently, because Lambert cannot show prejudice, he cannot avail himself of Glover to show that his counsel performed ineffectively.

## 6. Ineffective Assistance of Counsel at Direct Appeal

Lambert also raises the issue of ineffective assistance of appellate counsel. According to Lambert, appellate counsel failed to present to the court of appeals the following issues: (1) the trial court's imposition of consecutive special assessments upon concurrent custodial sentences; (2) the lack of specification in the indictment as to drug type and quantity; (3) the use of a general verdict form on a "constitutionally impermissible count"; (4) the sentence was imposed "in excess of the Law and Constitution on the predicate act and the additional sentences imposed on a concurrent sentence"; and (5) the issue concerning the money laundering should have been grouped with the "drug conspiracy" under Sentencing Guideline 3D1.2. (Lambert Brf. at 30.)

This opinion has already examined and rejected each of the aforementioned contentions. Because these issues are legally without merit, Lambert's appellate counsel had no obligation to raise them. Correspondingly, Lambert cannot show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that it deprived

him of a fair trial. See Strickland, 466 U.S. at 688-94. Thus, his claim of ineffective assistance of appellate counsel must fail.

## CONCLUSION

For the foregoing reasons, we deny the motion to vacate, set aside or correct the sentence of movant Thomas Demetrius Lambert.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 14, 2001