Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1066 | **DATE** | 8/27/2001 |
| **CASE TITLE** | United States of America vs. Thomas Demetrius Lambert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny defendant Lambert's motion (Doc 9-1) for a Certificate of Appealability.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 1 AP CHC. number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 28 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 AUG 27 PM 3:41 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| THOMAS DEMETRIUS LAMBERT, | ) |
| Movant-Petitioner, | ) |
| vs. | )  01 C 1066 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Thomas Demetrius Lambert's Application for a Certificate of Appealability. On June 14, 2001, this Court issued a written opinion denying Lambert's Motion to Vacate, Set Aside or Correct his Sentence. Now Lambert wishes to appeal that decision, but he may do so only if we or a circuit judge grant his Application. For the following reasons, we decline to do so.

Pursuant to 28 U.S.C. § 2253(c)(2), no appeal may be taken from the final order in a habeas corpus proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a Certificate of Appealability. A Certificate of Appealability under this section may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This rule does not require a petitioner to

show that he would prevail on the merits. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Rather, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. (internal quotations and citations omitted) (brackets in original).

Lambert has failed to demonstrate these requirements. In the first ground of his Application, Lambert contends that the sentencing court improperly ordered multiple or consecutive special assessments for a concurrent custodial sentence, thereby violating his due process rights. We disagree. In the first place, we found that Lambert procedurally defaulted this argument; consequently. For this reason alone a Certificate of Appealability should not issue. Furthermore, assuming this claim were not procedurally defaulted, there is nothing infirm about levying consecutive special assessments but concurrent custodial sentences. In no way does this implicate Lambert's constitutional rights. Consequently, this assertion does not constitute a substantial showing of the denial of a constitutional right.

Lambert next questions the jury's failure to make a factual finding as to the quantity and type of drug. In furtherance of this argument, Lambert relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), even though Apprendi does not apply retroactively to cases that predate it such as Lambert's. See Hernandez v. United

States, 226 F.3d 839, 841 (7th Cir. 2000); Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000). Moreover, we ruled that even if Apprendi did apply retroactively, Lambert cannot show any injury resulting from the lack of factual findings as to drug type and quantity. The allegations contained in Count One of the indictment specified drug type and quantity, and the jury convicted Lambert of Count One. This jury finding was sufficient to support Lambert's sentence. Accordingly, Lambert's assertion raises no substantial issue of constitutional dimension and, even if it did, reasonable jurists would not disagree about its resolution.

Lambert also challenges the predicate grounds of the conspiracies alleged in the indictment and the use of a general verdict form. Even if these challenges were not waived (which they are), they would be meritless because all of the possible bases for conviction passed constitutional muster. Accordingly, this issue does not warrant the granting of a Certificate of Appealability.

In addition, Lambert cited numerous alleged errors in Count Seven of the indictment relating to the requirement of charging and proving beyond a reasonable doubt an overt act. These arguments too are waived. Even if they were not, they do not raise issues of substantial constitutional dimension that would merit a Certificate of Appealability.

Lambert also claimed to have received ineffective assistance of counsel at the trial and appellate phases. With respect to trial counsel, Lambert rehashed many of the arguments raised elsewhere in his brief that we have deemed meritless. The single new ground he asserted was counsel's failure to press what Lambert calls the "grouping issue." However, that issue is meritless because Lambert cannot show that the alleged error caused any increase in his sentence. Reasonable jurists could not differ in reaching this result. As for counsel on direct appeal, we rejected Lambert's contention that counsel failed to raise certain issues because we found those issues to be of no legal merit. With respect to this conclusion, too, reasonable jurists could not disagree.

Accordingly, because Lambert has failed to make a substantial showing of the denial of a constitutional right, we deny his motion for a Certificate of Appealability.

Charles P. Kocoras
United States District Judge

Dated: August 27, 2001